```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                          NASHVILLE DIVISION
```

LOWERY D. PERKINS,              )
                                )
        Plaintiff               )
                                )
v.                              )     NO. 3:07-0123
                                )
MICHAEL J. ASTRUE,              )     Judge Nixon/Brown
Commissioner of Social Security,)
                                )
        Defendant               )

## O R D E R

**TO:** The Honorable John T. Nixon

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Government's motions(Docket Entries 11 & 15) to dismiss for lack of jurisdiction be granted.

### I. Background

Mr. Perkins filed his complaint in *forma pauperis* in this matter on January 29, 2007 (Docket Entry 1). His complaint was received in the Clerk's office on January 22, 2007, and after the District Judge approved his application to proceed in *forma pauperis* the complaint was formally filed on January 29, 2007. Following service of process, the Defendant responded by filing its first motion to dismiss on April 3, 2007 (Docket Entry 11). In the memorandum in support of this motion (Docket Entry 12), the Government argued that on February 24, 2006, the Appeal Council denied the Plaintiff's request for a review of the Administrative

Law Judge's denial of its claim for benefits. Through the affidavit of Mr. Baskerville (Docket Entry 13) the Government contended that he, as Chief of Court Case Preparation and Review of the Social Security Administration, determined that the Appeals Council sent the Plaintiff a notice of final denial on February 24, 2006. The affidavit states that this notice was sent to the Plaintiff at Post Office Box 70132, Nashville, Tennessee 37207. With this they included a notice of the decision and his right to commence a civil action within sixty days from the date of the notice.

Mr. Baskerville further swore that there was no indication that the Plaintiff had sought an extension of time in which to file a civil action.

On the filing of this motion, the Magistrate Judge entered an order (Docket Entry 14) on April 5, 2007, advising Mr. Perkins that he needed to respond to this motion by April 20, 2007, and advising him that he should provide a copy of the notice he received from the Social Security Administration finally denying his benefit and, that if that notice was more than sixty days before he filed this lawsuit, he should provide any explanation he had about the delay and was warned that if it was filed more than sixty days after he received the notice and that he did not have a satisfactory explanation, the Court would be without jurisdiction to consider his lawsuit. He was further advised that a failure to

2

respond to the motion within the time provided could result in the Court considering the motion as unopposed and granting the motion to dismiss.

The Plaintiff did not file any additional pleadings in the matter and on May 2, 2007, the Government filed its second motion to dismiss for lack of jurisdiction as well as a motion to dismiss for lack of prosecution (Docket Entry 16). Subsequently, on May 7, 2007, the Government filed a copy of a letter it received from Mr. Perkins (Docket Entry 17-2). They state that this letter accompanied a copy of their motion to dismiss (Docket Entry 15). In this letter Mr. Perkins states that he has had enough of government games and that he would not accept a dime if it was brought to his door.

## II. Legal Discussion

The Magistrate Judge is in agreement with the Government's memorandum of law (Docket Entry 12). The law appears quite clear and settled that absent something that would toll the time allowed to review the Commissioner's denial of Social Security benefits a suit must be brought within sixty days from the time the notice is received. The date of the receipt is presumed to be five days after the date of such notice. *Bowen v. City of New York*, 476 U.S. 467, 480-481 (1986).

In this case the Magistrate Judge specifically pointed out to Mr. Perkins that he needed to provide some explanation as to

3

why the case was not filed within this sixty days.  Mr. Perkins has provided no explanation for the delay, nor has he challenged the fact that he received the Appeal Council's action which was mailed on February 24, 2006.  The Magistrate Judge does note that this uses a post office box in Nashville address, while Mr. Perkins filed his lawsuit using a LaVergne, Tennessee, address.

Mr. Perkins has had ample opportunity to attempt to show why he did not file his lawsuit within the time prescribed. Unfortunately, it appears that Mr. Perkins is presumed to have received the notice five days after it was mailed and that his lawsuit should, therefore, have been filed by April 30, 2006.[1] Unfortunately, the Plaintiff did not file his lawsuit for over eight months after that date.

It further appears that Mr. Perkins, by his last communication with the Assistant United States Attorney (Docket Entry 17-2), does not wish to pursue the matter further.

Under the circumstances, the Magistrate Judge has no alternative but to recommend that the Government's motion to dismiss for lack of jurisdiction be granted and that this case be dismissed with prejudice.

---

[1] The Government in their memorandum states that the action should have been commenced on or before April 25, 2006.  This is in error since the notice was dated February 24, 2006, and the sixty days are presumed to start running five days after that.

4

### III. Recommendations

For the reasons stated above, the Magistrate Judge recommends that the Government's motions to dismiss (Docket Entries 11 & 15) be granted and this case be dismissed with prejudice.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 15th day of May, 2007.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge